UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEDRIC EARL HAMILTON, JR.,

        Petitioner,

        v.                                  Case No. 20-C-1001

WARDEN GARY BOUGHTON,

        Respondent.

---

## SCREENING ORDER

---

On July 2, 2020, Petitioner Dedric Earl Hamilton, Jr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Milwaukee County Circuit Court of first-degree sexual assault of a child under thirteen years old and incest with a child and was sentenced to 26 years imprisonment.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Petitioner asserts two grounds for relief. First, he claims trial counsel was ineffective in failing to challenge the voluntariness of Petitioner's *Miranda* waiver and subsequent statements

and in failing to present evidence calling the reliability of the statements into question at his trial. He also asserts that the circuit court improperly applied the prejudice prong of *Strickland v. Washington*, when it denied the postconviction motion alleging ineffective assistance without a hearing. From the face of the petition, the court cannot conclude that these claims lack merit. Accordingly, Petitioner will be allowed to proceed on these claims.

**IT THEREFORE IS ORDERED** that the Clerk shall serve a copy of Petitioner's § 2254 Petition and this order upon Respondent in accordance with Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that within 60 days of service respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

2

Case 2:20-cv-01001-WCG   Filed 07/07/20   Page 2 of 3   Document 2

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Green Bay, Wisconsin this 7th day of July, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge